UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDRE L. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-3337 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's *pro se* complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

Plaintiff's claim for damages arises from rulings of the Hon. Frank P. Geraci, Jr., former Chief Judge of the United States District Court for the Western District of New York. Generally, Plaintiff alleges that Judge Geraci erred by construing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, dismissing the petition, and failing to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). *See* Compl. ¶ 12. Although the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal for lack of a certificate of appealability, *see id*. ¶ 14, Plaintiff's effort to recall the mandate proved successful, *see id*. ¶ 16, and his appeal was reinstated, *see id*.; *see also id*. Exh. D. This success, according to Plaintiff, rendered Judge Geraci's decision "[v]oid and necessarily a nullity as a matter of law" and "in excess of his

1

authority" as a federal judge. *Id.* ¶ 17. Plaintiff also alleges that Judge Geraci issued erroneous rulings in connection with other habeas petitions Plaintiff filed. *See id.* ¶ 9.

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA") alleging that the United States is liable for Judge Geraci's negligence, *see id*. ¶¶ 18-20, and violations of Plaintiff's rights under various constitutional provisions, *see id*. ¶¶ 21-24. He demands an award of "one [m]illion U.S. [d]ollars per fraudulent judgment rendered by the defendant Hon. Frank P. Geraci Jr. (seven total judgments), plus punitive damages." *Id*. at 14. The claims fail because judicial immunity bars them.

The Court begins with the well-settled proposition that judges enjoy absolute "immunity . . . from liability for damages for acts committed within their judicial jurisdiction . . . ." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 342 (D.D.C. 2011) ("All of plaintiff's allegations against the Justices of the Supreme Court arise from decisions made in their judicial capacity, and hence absolute judicial immunity is a bar to plaintiff's claims against them."). Although Plaintiff argues that the proceedings on appeal show that Judge Geraci acted "in complete absence of . . . jurisdiction," Compl. ¶ 17, that argument has no merit: even assuming Judge Geraci made an erroneous ruling, that error does not deprive him of judicial immunity, *see Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .").

Under the FTCA, the United States "shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim."  28 U.S.C. § 2674.  Therefore, judicial immunity bars Plaintiff's FTCA claims for damages against the United States, which are based on actions taken by a federal judge in his judicial capacity.  *See, e.g.*, *Jafari v. United States*, 83 F. Supp. 3d 277, 278-80 (D.D.C.) (dismissing *sua sponte* FTCA claim against Fourth Circuit judges as barred by judicial immunity), *aff'd mem.*, 621 F. App'x 676 (D.C. Cir. 2015).

An appropriate Order will issue separately.


DATE: November 9, 2023                          ANA C. REYES
                                                United States District Judge